**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**BENJAMIN FRIESON,**

           Petitioner,

   **v.**                           **Civil Action No**.: **5:22-CV-150**
                                    Judge Bailey

**MR. S. LOVETT,** (Warden)

           Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 10, 2022, the *pro se* petitioner, Benjamin Frieson ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1].  On June 17, 2022, the petitioner paid the $5 filing fee. [Doc. 6].  Petitioner is a federal inmate who is housed at USP Hazelton and is challenging the validity of his sentence from the United States District Court for the Northern District of Ohio.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II.   FACTUAL AND PROCEDURAL HISTORY[1]

#### A. Conviction and Sentence

On November 1, 2017, petitioner was indicted and charged with two counts of

---

[1] Unless otherwise noted, the information in this section is taken from the petitioner's criminal dockets.  *See **United States v. Benjamin Frieson***, 3:17-cr-445. ***Philips v. Pitt Cnty. Mem. Hosp.***, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); ***Colonial Penn. Ins. Co. v. Coil***, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

Possession of a Firearm and Ammunition by a Convicted Felon, pursuant to 18 U.S.C. § 922(g)(1).  There was no plea agreement, and petitioner's trial commenced on August 21, 2018.

On August 22, 2018, petitioner was found guilty as charged on both counts.  On June 24, 2019, petitioner was sentenced by District Judge James Carr to 180 months imprisonment, and three (3) years of supervised release.  Petitioner's current **projected** release date is May 14, 2033.

### B.  Direct Appeal

Petitioner did not appeal his conviction nor the imposition of his sentence. [Doc. 1 at 8].

### C.  Petitioner's Prior § 2255 Motion

Petitioner filed a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 in the Northern District of Ohio. In that petition, petitioner raised the argument that the crimes which served as predicate offenses for his ACCA sentence enhancement were invalid. On May 13, 2022, his petition was denied with prejudice. Petitioner did not appeal the adverse result of this petition due to being "time barred." [Doc. 1 at 4].

### D.  Petitioner's Claims in the Instant § 2241 Petition

Petitioner maintains that his ACCA enhancement was improper, given that the predicate offenses utilized by the sentencing court can no longer serve as such. Additionally, petitioner contends that the BOP unlawfully denied him credit for time served in both state and federal prison. For relief, petitioner requests that this Court vacate his sentence and re-sentence him without the ACCA enhancement, as well as grant him credit towards his sentence for time spent in federal custody.

2

### III.      LEGAL STANDARDS

**A.  Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.  Pro Se Litigants**

As a pro se litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner,* 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### IV.      DISCUSSION

**A.  Petitioner's Appropriate Path for Relief**

The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1193 (4th Cir.

1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 Fed Supp.2d 354, 357 (S.D. W.Va. 2001).  Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 328, 333-34 (4th Cir. 2000).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[2] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e)

---

[2]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his **conviction**, or the legality of his **sentence**. *See United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018); *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Where, as here, petitioner is challenging the legality of his **sentence**, § 2255 is deemed to be "inadequate or ineffective" only when all **four** of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the *Jones* test for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *See Wheeler*, 886 F.3d at 423–26.

**B. Challenges to Sentence Credits**

It has long been established that it is the duty of the United States Attorney General, acting through the BOP, to compute an inmate's term of confinement. *United States v. Wilson,* 503 U.S. 329, 334-35 (1992). The BOP must follow 18 U.S.C. § 3585(b) when calculating sentences:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date

5

the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).

## V.   ANALYSIS

### A. Petitioner's ACCA Enhancement Claims

Despite the title he affixes to his petition, petitioner unequivocally challenges the validity, not the execution, of his sentence and as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.

Although petitioner does not raise the savings clause in his current § 2241 Petition, he is not entitled to its application. As previously noted, petitioner's sentence was based on the guidelines applicable to career offenders.[3] Because petitioner is challenging his sentence, he must meet all four prongs of the *Wheeler* test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if petitioner met the first, second, and third prongs of *Wheeler*, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018). In *Lester*, the Fourth Circuit concluded that a misclassification

---

[3] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1.

6

as a career offender can be a fundamental defect if the sentencing occurred pre-***Booker***, when the sentencing Guidelines were mandatory.  *Id.* at 714.

However, the ***Lester*** Court explicitly noted that had Lester's career offender misclassification occurred under the post-***Booker***, *advisory* Guidelines, his petition would have been barred as failing to meet the fourth ***Wheeler*** prong.  *Id*. at 715 ("***Foote***[4] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is so because post-***Booker***, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." *Id.*  When a petitioner is sentenced under the post-***Booker***, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." *Id*.  In conclusion, the ***Lester*** Court observed that "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." *Id.* at 716. Because

---

[4]  In ***United States v. Foote***, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The ***Foote*** Court concluded that such a claim was not cognizable under § 2255.  ***Foote***, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 936 (quoting ***Davis v. United States***, 417 U.S. 333, 346 (1974)).  The ***Foote*** Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. *Id.* at 940, 944. *See* **also**, ***Braswell v. Smith***, 952 F.3d 441, 450  (2020) (A fundamental defect or complete miscarriage of justice, sufficient for a petitioner to be permitted to file a habeas petition under of statute governing motions to vacate, set aside, or correct a sentence, has not occurred where the petitioner was sentenced as a career offender under an advisory Guidelines scheme.

petitioner was sentenced under the post-***Booker***, advisory Guidelines, regardless of whether there was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth ***Wheeler*** prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Worthy of brief note is the fact that petitioner cannot satisfy the savings clause of § 2255(e) under ***Jones*** because the crime which he was convicted under is still a crime, pursuant to 18 U.S.C. § 922(g)(1). Despite his claim in the current petition, petitioner's convicting offense is still, in fact, a crime. [Doc. 1 at 5].

Because petitioner cannot satisfy the savings clause of § 2255(e) under ***Jones*** or ***Wheeler***, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his claims in this petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Steel Co. v. Citizens for a Better Env't***, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); ***Reinbold v. Evers***, 187 F.3d 348, 359 n.10 (4th Cir. 1999). That having been established, this Court must now turn to petitioner's claims regarding the calculation of his sentence.

### B.  Petitioner's Sentence Credit Claims

Although petitioner asserts that the BOP incorrectly computed his sentence credits, it "is clear from 18 U.S.C. §§ 3621 and 3632 and the holding of ***Wilson*** that neither the warden nor the Court calculate sentences for federal inmates.  That task is the exclusive responsibility of the [BOP]…this Court may not usurp the [BOP's] authority." ***Melendez v. Wolfe***, 2022 WL 1817757, at *16 (N.D. W.Va. May 4, 2022) (Trumble, M.J), *report and recommendation adopted*, 2022 WL 1811384.

Accordingly, because it is not the duty of this Court to calculate or modify sentences for federal inmates, this Court is without jurisdiction to consider this claim.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

9

DATED: July 07, 2022.

_/s, James P. Mazzone_
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE