**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**BENJAMIN FRIESON,**

        Petitioner,

  v.

                                           **Civil Action No.**: **5:22-CV-150**
                                           Judge Bailey

**MR. S. LOVETT,** (Warden)

        Respondent.

## AMENDED[1] REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 10, 2022, the *pro se* petitioner, Benjamin Frieson ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1].  On June 17, 2022, the petitioner paid the $5 filing fee. [Doc. 6].  Petitioner is a federal inmate who is housed at USP Hazelton and is challenging the validity of his sentence from the United States District Court for the Northern District of Ohio.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II.   FACTUAL AND PROCEDURAL HISTORY[2]

#### A. Conviction and Sentence

---

[1] An earlier version of this R&R erroneously analyzed petitioner's Armed Career Criminal Act ("ACCA") enhancement as one under U.S.S.G. § 4B1.1.

[2] Unless otherwise noted, the information in this section is taken from the petitioner's criminal dockets.  *See **United States v. Benjamin Frieson**, 3:17-cr-445. **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1

On November 1, 2017, petitioner was indicted and charged with two counts of Possession of a Firearm and Ammunition by a Convicted Felon, pursuant to 18 U.S.C. § 922(g)(1). There was no plea agreement, and petitioner's trial commenced on August 21, 2018.

On August 22, 2018, petitioner was found guilty as charged on both counts. On June 24, 2019, petitioner was sentenced by District Judge James Carr to 180 months imprisonment, and three (3) years of supervised release. Petitioner's current **projected** release date is May 14, 2033.

### B. Direct Appeal

Petitioner did not appeal his conviction nor the imposition of his sentence. [Doc. 1 at 8].

### C. Petitioner's Prior § 2255 Motion

Petitioner filed a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 in the Northern District of Ohio. In that petition, petitioner raised the argument that the crimes which served as predicate offenses for his ACCA sentence enhancement were invalid. On May 13, 2022, his petition was denied with prejudice. Petitioner did not appeal the adverse result of this petition due to being "time barred." [Doc. 1 at 4].

### D. Petitioner's Claims in the Instant § 2241 Petition

Petitioner maintains that his ACCA enhancement was improper, arguing that the predicate offenses can no longer serve as such. Additionally, petitioner contends that the BOP unlawfully denied him credit for time served in both state and federal prison. For relief, petitioner requests that this Court vacate his sentence and re-sentence him without

the ACCA enhancement, as well as grant him credit towards his sentence for time spent in federal custody.

### III.   LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a pro se litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers."  ***Haines v. Kerner,*** 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See **Weller v. Dep't of Social Servs.***, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

## IV.    DISCUSSION

### A. Post-conviction Remedies

The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See *In re Vial*, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," **Vial**, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. **Young v. Conley**, 128 Fed Supp.2d 354, 357 (S.D. W.Va. 2001).  Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. **In re Jones**, 226 F.3d at 328, 333-34 (4th Cir. 2000).

4

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[3] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his **conviction**, or the legality of his **sentence**. *See United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018); *In re Jones*, 226 F.3d 328, 333—34 (4th Cir. 2000). Where, as here, petitioner is challenging the legality of his **sentence**, § 2255 is deemed to be "inadequate or ineffective" only when all **four** of the following conditions are satisfied:

(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the *Jones* test for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *See Wheeler*, 886 F.3d at 423–26.

---

[3] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

## B. Challenges to Sentence Credits

It has long been established that it is the duty of the United States Attorney General, acting through the BOP, to compute an inmate's term of confinement. ***United States v. Wilson,*** 503 U.S. 329, 334-35 (1992). The BOP must follow 18 U.S.C. § 3585(b) when calculating sentences:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).

## V.    ANALYSIS

Here, although Frieson does not raise the savings clause, it is clear that he is not entitled to its application. First, to the extent that Frieson is challenging his conviction, even if he satisfied the first and the third elements of ***Jones***, the crime for which he was convicted, 18 U.S.C. § 922(g)(1), remains a criminal offense, and therefore, he cannot satisfy the second element of ***Jones***.

With respect to the petitioner's challenge to his sentence, the Court must review the petition under the four-part ***Wheeler*** test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, the petitioner cannot meet the second element of the ***Wheeler*** test, because there has been no change to the settled law which established the legality of his sentence.

Petitioner argues that the decision ***Borden v. U.S.***, 141 S.Ct. 1817 (2021) invalidates his sentence under 18 U.S.C. § 924(g)(1). Specifically, he argues that the predicate offenses used at sentencing no longer qualify under the ACCA. Although he

6

does not specify, he is presumably challenging his underlying charges for aggravated assault in Ohio.

In *Borden*, the defendant "pleaded guilty to a felon-in-possession charge [under 18 U.S.C. § 922(g)], and the Government sought an enhanced sentence under the [Armed Career Criminal Act ("ACCA")]." 141 S.Ct. at 1822. Under the ACCA, a sentence is enhanced if someone convicted under § 922(g) has three or more prior convictions for a "violent felony" – whether the prior conviction was state or federal in nature. *Id*. At issue was the "violent felony" definition's elements clause, which requires a predicate offense to have "as an element the use, attempted use, or threatened use of physical force against the person of another." *See* 18 U.S.C. § 924(c)(2)(B)(i). Courts use the categorical approach to determine whether an offense satisfies the elements clause, which means "the facts of a given case are irrelevant," and [t]he focus is instead on whether the elements of the statute of conviction meet the federal standard. 141 S.Ct. at 1822.

One of Borden's alleged predicate offenses was for reckless aggravated assault in violation of Tennessee law. *Id*. He "argued that this offense is not a violent felony under [the] ACCA's elements clause because a mental state of recklessness suffices for conviction." *Id*. The Supreme Court took the case to resolve a circuit split on whether reckless conduct qualifies as a violent felony under the ACCA.[4] *See id*. After discussing the four states of mind in "criminal law's mental state 'hierarchy,'" *id*. at 1823-24 (citations

---

[4] The Supreme Court had previously determined that offenses requiring a negligent *mens rea* fall outside a statutory definition relevantly identical to the ACCA's elements clause requiring use of physical force "against the person  or property of another," *see Leocol v. Ashcraft,* 543 U.S. 1, 9-13 (2004), and that reckless offenses fall within a different statutory definition that lacked the "against another" phrase, *see Voisine v.  United States*, 136 S.Ct. 2272, 2281-82 (2016). Both of these cases reserved the question ultimately addressed by the Court in *Borden*. *See* 141 S.Ct. at 1825.

omitted), the plurality held that the elements clause's definition of "violent felony," which requires the use of physical force against the person of another," does not include offenses criminalizing reckless conduct. *See id.* at 1825 ("The phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action 'against another,' when modifying the 'use of force,' demands that the perpetrator direct action at, or target another individual. Reckless conduct is not aimed in that prescribed manner."). The Court concluded that the "against" phrase in § 924(e)'s elements clause "sets out a *mens rea* requirement – of purposeful or knowing conduct. *See id.* at 1828, 1833 ("'[A]gainst the person of another,' when modifying the 'use of physical force,' introduces that action's conscious object. So it excludes conduct, like recklessness, that is not directed or targeted at another." (internal citation omitted)). Thus, the Supreme Court reversed the lower court's ruling.

In contrast, Ohio's aggravated assault statute, Ohio Rev. Code Ann. § 2903.12, explicitly requires the defendant "knowingly" cause serious harm to another. It clearly does not cover "recklessly" causing injury to another, and thus is unaffected by the holding in **Borden**. "Purpose and knowledge are the most culpable levels in the criminal law's mental-state 'hierarchy.'" **Borden**, 141 S.Ct. at 1823 (2021). Accordingly, petitioner is unable to meet the second prong of **Wheeler**.

Finally, although petitioner asserts that the BOP incorrectly computed his sentence credits, it "is clear from 18 U.S.C. §§ 3621 and 3632 and the holding of **Wilson** that neither the warden nor the Court calculate sentences for federal inmates. That task is the exclusive responsibility of the [BOP]...this Court may not usurp the [BOP's] authority." **Melendez v. Wolfe**, 2022 WL 1817757, at *16 (N.D. W.Va. May 4, 2022) (Trumble, M.J), *report and recommendation adopted*, 2022 WL 1811384. Accordingly, because it is not

8

the duty of this Court to calculate or modify sentences for federal inmates, this Court is without jurisdiction to consider this claim.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: July 13, 2022.

_____

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE